UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BEHR DECKOVER MARKETING
AND SALES PRACTICES LITIGATION                                           MDL No. 2821

ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiffs in two actions (*Rose* and *Edwards*) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. This litigation currently consists of nine actions pending in nine districts, as listed on Schedule A.[1] All defendants[2] and plaintiffs in two actions (*Bishop* and *In re Behr Process Corp.*) oppose centralization, representing that they have reached an agreement in principle to settle the putative class claims in this litigation through a nationwide class settlement. Plaintiffs in four actions on the motion and two related actions support centralization, but request the Eastern District of California.

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary at this time for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Plaintiffs' actions commonly allege that Behr DeckOver resurfacing and coating products prematurely peel and degrade and that defendants Behr and Home Depot falsely advertised the products' durability. But the parties in two actions on the motion recently reached an agreement on a nationwide class settlement, and a motion for preliminary approval of their proposed settlement is anticipated in less than a month. All interested parties will have the opportunity to object to or otherwise raise issues as to the adequacy of the proposed settlement when the motion for preliminary approval is filed. Centralization at this time could delay the settlement approval proceedings with little or no benefit to the parties and putative class members. *See, e.g., In re: Wells Fargo Fraudulent Account Opening Litig.*, ___F. Supp. 3d___, 2017 WL 1283679, at *1 (J.P.M.L. Apr. 5, 2017).

---

[*] Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] The Panel has been notified of four additional related actions.

[2] Behr Process Corporation, Behr Paint Corporation, and Masco Corporation (together, Behr); and The Home Depot, Inc., and Home Depot U.S.A., Inc. (together, Home Depot).

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan           Ellen Segal Huvelle
R. David Proctor          Catherine D. Perry

IN RE: BEHR DECKOVER MARKETING
AND SALES PRACTICES LITIGATION                                   MDL No. 2821

## SCHEDULE A

### Central District of California

IN RE BEHR PROCESS CORP., C.A. No. 8:17-01016

### Eastern District of California

HAMILTON v. BEHR PROCESS CORP., ET AL., C.A. No. 2:17-01765

### Middle District of Florida

HAMIL, ET AL. v. BEHR PROCESS CORP., ET AL., C.A. No. 6:17-02058

### Northern District of Illinois

BISHOP, ET AL. v. BEHR PROCESS CORP., ET AL., C.A. No. 1:17-04464

### District of New Jersey

BROCK v. BEHR PROCESS CORP., ET AL., C.A. No. 2:17-12341

### Eastern District of New York

COLE, ET AL. v. BEHR PROCESS CORP., ET AL., C.A. No. 1:17-05052

### Western District of North Carolina

EDWARDS v. BEHR PROCESS CORP., ET AL., C.A. No. 3:17-00683

### District of Oregon

LEIKER v. BEHR PROCESS CORP., ET AL., C.A. No. 3:17-01909

### Western District of Washington

ROSE v. BEHR PROCESS CORP., ET AL., C.A. No. 2:17-01754